UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel,* and OCEAN STATE TRANSIT, LLC,<br>　　Plaintiffs,<br><br>　　v.<br><br>ANGÉLICA INFANTE-GREEN, *in her individual* capacity, and JOHN and/or JANE DOES, *in their individual capacities*,<br>　　Defendants. | C.A. No. 21-cv-391-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Defendant, Rhode Island Commissioner of Elementary and Secondary Education Angélica Infante-Green ("the Commissioner"), moves to stay this federal, qui tam action pending the resolution of a breach of contract claim that the relator, Ocean State Transit, LLC ("Ocean State"), filed against the Commissioner and other defendants in Rhode Island state court. (ECF No. 40).

This qui tam suit brought on behalf of the United States by relator Ocean State alleges that the Commissioner and several other unnamed Rhode Island officials violated the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, by falsely certifying that the Rhode Island Department of Elementary and Secondary Education ("RIDE") complied with a requirement in the federal COVID-19 relief statutes – the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), the

Consolidated Appropriations Act ("CAA"), and the American Rescue Plan Act ("ARPA") – requiring that RIDE "shall to the greatest extent practicable, continue to pay its employees and contractors during the period of any disruptions or closures related to the coronavirus." (ECF No. 1 ¶ 12.) Ocean State and the Commissioner are also involved in litigation in Rhode Island Superior Court concerning a breach of contract allegation addressing the Commissioner's alleged conduct during the same period.[1] Considering the state-court litigation, the Commissioner requests that this Court stay the federal case until the state-court breach of contract claim is resolved "in the interest of efficiency" or under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (ECF No. 40.)

A lower court's decision to abstain has two elements. The court must first determine whether certain preconditions for abstention are met and, if so, must then determine whether abstention is appropriate. *DeMauro v. DeMauro*, 115 F.3d 94, 99 (1st Cir. 1997). When abstention is appropriate, the ultimate decision whether to abstain rests within the court's discretion. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 19 (1983).

The baseline rule is that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Abstention is only appropriate in unusual

---

[1] *Ocean State Transit, LLC d/b/a Student Transp. of Am., Inc. v. Rhode Island Dep't of Elementary and Secondary Education et al.*, PC-2021-06216.

2

circumstances. *Id.* Courts have developed a variety of abstention doctrines to address such circumstances. *See, e.g.*, *Colorado River*, 424 U.S. 800.

The abstention doctrine established by the Supreme Court in *Colorado River* can only apply when there is "parallel" state litigation. *Glassie v. Doucette*, 55 F.4th 58, 64 (1st Cir. 2022) ("In short, to create the possibility of abstention under *Colorado River*, the federal- and state-court cases must be 'sufficiently parallel,' … the state action must resolve all of the claims in the federal case."); *Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir. 1991) (*Colorado River* parallelism means that the federal and state-court cases "derive from the same transaction, involve the same parties[,] and the same causes of action"). Although this federal-court action implicates some of the same facts as the state-court breach of contract case, because here Ocean State asserts a claim on behalf of the United States, and because this case alleges violations of the False Claims Act that are independent of the state-court breach of contract claim, the abstention doctrine established in *Colorado River* does not apply. *Id.* This federal-court case is about an important federal question concerning an alleged failure to comply with the requirements of the COVID-19 relief statutes enacted by Congress. (ECF No. 1.) The state-court case is about an alleged bargained-for exchange between Ocean State and Rhode Island state officials that was allegedly breached allegedly causing damage to Ocean State. (ECF No. 43-1.) The two cases are not parallel. *See Colorado River*, 424 U.S. at 817.

While the Court holds that the state- and federal-court cases involving Ocean State and the Commissioner are not parallel, it is nevertheless worth noting that the

3

parties disagree whether district courts in this Circuit generally retain an "inherent authority" to stay a federal case in favor of a state-court case that is parallel where *Colorado River* abstention circumstances do not lie—"in the interest of efficiency." (ECF No. 43 at 9; ECF No. 45 at 12.) The parties direct the Court's attention to the First Circuit's recent decision in *Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523 (1st Cir. 2022). That case held: "except when warranted by a doctrine of abstention or comity recognized by the Supreme Court, a federal court is not free to surrender jurisdiction—whether by outright dismissal or a stay—to a parallel state-court action without a sufficient showing of the required exceptional circumstances [drawn from *Colorado River* and its progeny]." *Id.* at 527. Because the state- and federal-court actions here are dissimilar and not parallel and because the Court therefore finds no efficiency interest in abstaining, the Court declines to decide the "inherent authority" question raised by the parties or to exercise any such authority here.

For these reasons, the Commissioner's Motion to Stay (ECF No. 40) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 12. 2024

4